Filed 2/24/21  P. v. Spencer CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>DONALD RAY SPENCER,<br><br>        Defendant and Appellant. | B303614<br><br>(Los Angeles County<br>Super. Ct. Nos.YA100269,<br>YA100614) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Hector M. Guzman, Judge.  Affirmed.

Stephanie L. Gunther, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

# INTRODUCTION

Appellant Donald Spencer pled guilty to possession of a firearm by a felon and grand theft. Because he did not receive a certificate of probable cause, his appeal is limited to matters occurring after entry of his plea which do not affect the validity of the plea. (Cal. Rules of Court, rule 8.304(b)(4).) Appellant's counsel filed an opening brief that raised no issues and requested independent review of the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*). We have conducted an independent examination of the entire record and conclude no arguable issues exist. We therefore affirm.

# FACTUAL AND PROCEDURAL BACKGROUND

The Los Angeles County District Attorney charged appellant by information on August 28, 2019 in case number YA100269 with felony possession of a firearm by a felon (Pen. Code, § 29800, subd. (a)(1); count one),[1] felony unlawful possession of ammunition (§ 30305, subd. (a)(1); count two), and grand theft (§ 487, subd. (a); count three). Appellant was charged in a separate information on September 12, 2019 in case number YA100614 with second degree commercial burglary (Pen. Code, § 459; count one), and grand theft (§ 487, subd. (a); count two). In both cases, the information further alleged that appellant suffered a prior strike conviction (§§ 667, subd. (d), 1170.12, subd. (b)), and served three prior prison terms (§ 667.5, subd. (b)).

At the preliminary hearing on case number YA100269, the prosecution presented evidence that on May 8, 2019 appellant stole $554 worth of tequila from a "Bevmo" store. On May 21,

---

[1]All further statutory references are to the Penal Code unless otherwise indicated.

2019, appellant stole $834.35 worth of cognac from the same store. Police arrested appellant at his parole office, searched his vehicle, and found a loaded firearm in the glove box. At the preliminary hearing on case number YA100614, the prosecution presented evidence that on July 25, 2019, appellant stole over $950 worth of alcohol from a Bristol Farms market.

On October 31, 2019, appellant agreed to a plea bargain on both cases. On case number YA100269, he pled no contest to count one, possession of a firearm by a felon. On case number YA100614, he pled no contest to count two, grant theft exceeding $950. He also admitted a prior strike. The trial court accepted appellant's plea and dismissed the remaining counts. Pursuant to the parties' negotiated disposition, the court sentenced appellant to four years in state prison, consisting of the low term of 16 months on the firearm offense, doubled due to the prior strike conviction, plus a consecutive term of one-third the midterm of eight months, doubled, for the theft offense. Appellant timely appealed.

Appellant also filed a request for certificate of probable cause, stating that the trial court should have the opportunity to consider striking the sentence enhancements. The court denied the request.

On appeal, appellant's appointed counsel filed a brief requesting that we independently review the record for error. (*Wende, supra,* 25 Cal.3d at p. 441.) We directed counsel to send the record and a copy of the brief to appellant, and notified appellant of his right to respond within 30 days. We have received no response.

## DISCUSSION

We have examined the entire record, and are satisfied no arguable issues exist in the appeal before us and that appellant has received effective appellate review of the judgment entered against him. (*Smith v. Robbins* (2000) 528 U.S. 259, 278; *People v. Kelly* (2006) 40 Cal.4th 106, 110; *Wende, supra,* 25 Cal.3d at p. 443.)

## DISPOSITION

The judgment is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


COLLINS, J.

We concur:


MANELLA, P. J.


CURREY, J.

4